UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO.: 15-CR-16-DLB

UNITED STATES OF AMERICA                                       PLAINTIFF

V.                **SENTENCING MEMORANDUM**

LARRY THOMAS SWINSON                                   DEFENDANT

      Comes now the Defendant, Larry Thomas Swinson, by counsel, and hereby submits the following sentencing memorandum setting forth factors the Court should consider in determining the type and length of sentence sufficient, but not greater than necessary, to comply with the applicable law set forth in 18 U.S.C. § 3553(a), *U.S. v. Booker*, 543 U.S. 220 (2005) and *U.S. v. Fanfan*, 542 U.S. 963 (2004). This matter is before the Court for sentencing as a result of the Defendant's plea of guilt to Count Three of the indictment, production of child pornography, a violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2251(e). In support hereof, Defendant relies upon the following discussion of applicable law, relevant facts and circumstances which have important bearing upon consideration of a just sentence in this matter.

      In United States v. Booker, 543 U.S. 220 (2005), the United States Supreme Court held that the United States Sentencing Guidelines are not a mandatory constraint on the District Court's sentencing discretion. In Booker, the Supreme Court found the United States Sentencing Guidelines (U.S.S.G.) unconstitutional insofar as it required courts to consider conduct at sentencing that was not proven by the government beyond a

reasonable doubt to a jury. As such, the court concluded that the Sentencing Guidelines were simply one of several factors which should be considered pursuant to 18 U.S.C. § 3553(a) in determining an appropriate sentence. As such, the obvious will be stated at the outset.

18 U.S.C. § 3553(a) establishes seven (7) factors that shall be considered by the Court in imposing any sentence. Those factors, and their application to this case, are discussed below:

1. **The nature and circumstances of the offense and the history and characteristics of the defendant;**

Larry was born on May 9, 1971, in Goldsboro, North Carolina to the marital union of Larry Thomas Swinson, Sr. and Mary Elizabeth Swinson. Larry's parents divorced when he was in his teens. However, when Larry's father became sick with cancer he moved back in with Larry's mother, where he stayed until he passed away in 2013. Larry explains his parents were the best of friends they just couldn't be married to one another. Larry's mother is currently living in Mt. Olive, North Carolina and is a retired teacher's aide. Larry has one sibling, Laura Swinson Taylor age 41. Ms. Taylor currently resides with their mother and is a teacher in the Wayne County, North Carolina School System.

Larry reports he had a good childhood and had everything they needed. He and his family attended a Methodist Church regularly. Larry's family was very tight knit and got along very well together. Larry has stated that his parents were very good role models for him and his sister. Larry graduated South Wayne County High School in 1989. After high school Larry attended college sporadically but ended up dropping out without obtaining a degree.

In 1998, Larry married Wilma Lee Jones. They had one child as a result of this marriage, Justin Thomas Swinson, age 16 years old. Mrs. Swinson has filed for divorce from Larry but the divorce has never been finalized. However, they remain separated. At the time of his arrest, Larry's son was residing with him. His son is currently living with his aunt, Denise Jones. Larry has two step-children with his estranged wife, Alyssa Weaver Brown, age 24 and Joshua Eddinger, age 20. Both reside in North Carolina. When Alyssa was a child, Larry pled guilty to Indecent Liberties with a Child which involved Alyssa. As a part of Larry's probation he wasn't allowed any contact with Alyssa. However, toward the end of his probationary period he was allowed supervised contact with Alyssa. A few years before Larry's arrest Alyssa moved in with Larry and her mother. Larry now has a great relationship with both of his step-children and they continue to be supportive of Larry.

From May 2004 through May 2014, Larry was employed with Smithfield Chicken and Barbecue in Warsaw, North Carolina where he was a manager of the store. Larry was accused of inappropriately touching someone alleged to be 17 or 18 years old and was fired. In July 2014 through September 2014, Larry was a stocker for Food Lion Grocery stores. He was employed at this job at the time of his arrest.

Larry's current physical health is "okay". When Larry was a child he was in and out of the hospital with heart and brain issues. He said the doctors diagnosed him with Epstein-Barr syndrome and a heart murmur. When Larry was approximately 10 or 11 the doctors indicated that his heart was as normal as it would be. When Larry was in high school he broke his back at L3 while either playing football or when he was mugged while working as a pizza delivery driver. Larry wore a back brace for several months and

attended physical therapy. Larry continues to experience pain in his leg and his spine shifts back and forth. Larry needs to receive some additional physical therapy in order to avoid possible back surgery.

For the last 10 or 12 years Larry has suffered from depression, anxiety, despair and thoughts of suicide. He acknowledges that he definitely has mental illness and emotional issues. When Larry was on probation in North Carolina, he participated in a state sex offender program as a portion of the sentence involving the case with his step-daughter. While he has had thoughts of suicide, he has never acted on it. Larry states that everything in his life fell apart when he lost his job in May 2014.

Larry has smoked marijuana, prescription pills, opium and drank alcohol. He quit drinking alcohol because he "liked it too much." From age 18 or 19 and until just prior to 2000, Larry used marijuana recreationally, but quit because he felt the need to be in control. In 2005 through 2006, Larry used opiates. He had a valid prescription for the opiates but also self-medicated by taking some of his wife's opiates. Larry is not addicted to any of the above as he successfully completed three years of probation that included urine testing.

Larry has admitted and pled guilty to Production of Child Pornography and knows that there are serious consequences for those actions. Prior to the change of plea, the undersigned had many conversations with Larry in an attempt to better understand Larry's behavior and intent, as well as to understand why he continued with this sort of behavior after his conviction in North Carolina. Those conversations did not provide the undersigned with any substantial understanding of Larry or his conduct. Larry did express suicidal ideations and displayed a depressed affect. As a result, the undersigned moved the court for

a comprehensive psychological evaluation of Larry prior to sentencing. The court graciously granted the motion and Larry was subsequently evaluated by Paul A. Ebben, Psy.D., at Insight Psychological Consultants, PSC in Frankfort, Kentucky. The evaluation concluded that Larry's has Adjustment Disorder with Depressed Mood and Anxiety, Sexual Disorder not otherwise Specified with Pedophilic Elements. Dr. Ebben went on to state that the best explanation for Larry's offending history is multi-casual with Antisocial traits including pedophilia, obsessive-compulsive tendencies and an addiction to pornography, as well as general relationship issues likely secondary to personality disorder traits. The origin of his offending issues are mental health related, which will require mental health treatment and formal sex treatment. Larry now knows the origin of what makes him attracted to children and hopes that while he is in prison that he will receive the treatment he needs in order to overcome this attraction and will learn tools and strategies to help him cope with his impulses and the other mental health issues he suffers from.

> 2. **The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes; (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

As previously stated, production of child pornography is a very serious crime, one that should never be taken lightly. The Court is obligated to impose a sentence in this matter that recognizes the seriousness of the crime and promotes respect for the law. While Larry expects to pay for the crime he has committed, he wants to receive treatment while he is incarcerated to address the reasons he chose to produce child pornography. Larry understands that he has a problem with sexual attraction to children and that his

actions were illegal. Larry has been incarcerated since his initial arrest and has spent many months in jail. This knowledge, experience and mental health treatment will deter him from committing any crimes in the future. Larry's prior conviction greatly enhances his sentencing guideline range. The low end of that range accomplishes the sentencing requirements described above.

3. **The kinds of sentences available**;

As noted in Larry's Presentence Investigation Report (PSI), Larry's total offense level in this case is 35 with a Criminal History of V, resulting in a guideline range of 300 to 327 months which is based upon the statutorily mandatory minimum term of 25 years or 300 months.

While the fine range for the instant offense is from $20,000.00 to $200,000.00, Larry's financial circumstances do not warrant a fine, and no fine is recommended by the probation officer.

4. **The kinds of sentences in the sentencing range established by the United States Sentencing Guidelines**;

Probation is not available to Larry in this case.

5. **Any pertinent policy statement established by the Sentencing Commission**;

Larry is unaware of any "pertinent policy statement established by the sentencing commission" which would have a bearing on the sentencing in this matter.

6. **The need to avoid unwarranted sentencing disparities among defendants with similar records or who have been found guilty of similar conduct; and**

When considering all the facts and circumstances of this case, there do not appear to be any unwarranted sentencing disparities presented in this case.

7. **The need to provide restitution to any victims of the offense**.

The Probation officer has recommended that the Defendant be ordered to pay restitution if requested by the victim. Attempts to contact the victim through her mother have not been successful. At this time, it appears that no restitution is required.

As established in *United States v. Booker*, 125 S. Ct. 738, 756 (2005), the Sentencing Guidelines are merely one of seven factors that must be considered in determining an appropriate sentence. Consideration of the factors discussed above and their applicability to the facts and circumstances in this matter is warranted and required.

It has been said that the primary goals of the justice system are to punish wrongdoers, make victims of crime whole and to hold a person who has committed a crime accountable while attempting to rehabilitate him so he may return to the community and become a productive citizen. Larry respectfully asserts that an analysis and application of 18 U.S.C. § 3553(a)(1) and (2), along with the facts and circumstances that gave rise to this indictment, results in a conclusion that imposition of a sentence of 300 months with enrollment in a comprehensive mental health treatment program while he is incarcerated is proper.

WHEREFORE, the Defendant respectfully and humbly requests that he be sentenced to a term of incarceration as described above.

Respectfully Submitted,

/s/ Michael B. Fox_____
Michael B. Fox
Fox Law Office
P.O. Box 1450
Olive Hill, KY 41164
(606) 286-5351
(606) 286-5352 (fax)
mike@foxlaw1.com
*Counsel for Defendant, David White*

CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2016, I electronically filed the foregoing with the clerk of the court by using CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Michael B. Fox_____